UNITED STATES of America,
Plaintiff–Appellee,

v.

Jimmy Dyral WOMACK, Defendant–Appellant.

No. 05–51010
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 25, 2006.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

---

Stanley Lee Schwieger, Law Offices of Stan Schwieger, for Defendant–Appellant.

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM: *

Jimmy Dyral Womack appeals his guilty-plea conviction and sentence for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court imposed an enhanced sentence of 300 months of imprisonment under § 924(e)(1). Womack argues that § 924(e)'s treatment of prior violent felony and serious drug offense convictions as sentencing factors rather than elements of the offense is unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

Womack's constitutional challenge is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Womack contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi*, we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Womack properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

The judgment of the district court is AFFIRMED.